UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSE ANTONIO BELTRAN-SOSA           MOVANT/DEFENDANT

v.           CIVIL ACTION NO. 3:05CV-P749-S
             CRIMINAL ACTION NO. 3:03CR-60-S

UNITED STATES OF AMERICA           RESPONDENT/PLAINTIFF

MEMORANDUM OPINION

The movant filed a *pro se*[1] motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective by (1) failing to file a direct appeal; (2) failing to argue the movant's entitlement to the safety-valve provision at sentencing; and (3) failing to explain to the movant that the movant could plead guilty without admitting drug quantity. The United States filed a motion to dismiss the § 2255 motion, alleging that the motion is time barred, and the movant filed a response arguing that he is entitled to equitable tolling. For the reasons that follow, the motion to dismiss will be granted, the § 2255 motion will be denied, the action will be dismissed, and a certificate of appealability will be denied.

**I.**

Represented by Attorney James Gass, the movant entered into a plea agreement with the United States in December 2003. Therein, the movant knowingly waived his right to appeal any sentence within the maximum provided by statute and the manner in which the sentence was determined, and he further waived his right to challenge his sentence by collateral attack, including but not limited to, a challenge to the effective assistance of counsel and/or any motion brought under 28 U.S.C. § 2255.

---

[1] While the movant filed the motion without the assistance of counsel, he does admit being assisted by a former attorney, who is incarcerated in the same federal institutional as the movant.

In open court on January 16, 2004, the movant pled guilty to violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute a controlled substance, and 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance. The proceeding was interpreted by Laura Garcia-Hein. The Court advised the movant to let it know if he did not understand something that was said, and the movant agreed. The movant also testified in the affirmative that he had an ample and sufficient opportunity to discuss the case with counsel, that he was fully satisfied with the advice his attorney had given him, and that his counsel had effectively represented him. At the hearing, the prosecution advised the movant that by pleading guilty he was waiving his rights to appeal and to file a collateral challenge under § 2255, including any challenges to the effectiveness of counsel. The Court similarly advised the movant that he was waiving his right to appeal the sentence imposed and to challenge the conviction or sentence as being in violation of any law or constitutional provision, including a challenge of ineffective assistance of counsel.

A sentencing hearing was held on April 23, 2004, and Ms. Garcia-Hein again interpreted the proceeding. The Court sentenced the movant to 120 months of imprisonment followed by five years of supervised release. During the hearing, the movant testified that he had reviewed the presentence report in consultation with his attorney, and when asked by the Court whether the movant found any mistakes or errors or problems in the report that the movant would like to bring to the Court's attention, the movant answered in the negative. The prosecutor again advised that the movant had waived his appeal rights. At the end of the hearing, Counsel Gass stated, "I have on occasion had defendants file a notice of appeal in spite of the fact that they waived their right to appeal. I'm occasionally contacted by the appellate court as the attorney of record. I would like for the record to reflect that I am relieved at this time in the unlikely event that that should

occur." Because the Court did not know the conditions under which counsel had been retained, it declined to address counsel's concerns but noted that it "respected the plea agreement which contains the waiver of appeal and collateral attack."

The Judgment and Commitment Order was entered on April 30, 2004, and no appeal was filed.

## II.

### A.  Timeliness under § 2255

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6. The only paragraph applicable to the facts alleged is the first paragraph.

"[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). The one-year limitations period, therefore, began running on May 14, 2004,[2] and expired a year later

---

[2]Under Federal Rule of Appellate Procedure 26(a), when computing time, "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." Fed. R. App. P. 26(a)(2). Under this method of computation, the tenth day fell on May 14, 2004.

3

on May 14, 2005. Because the movant did not file his § 2255 motion until November 3, 2005,[3] the motion is time barred under the statute.

### B. Equitable Tolling

The movant concedes that his § 2255 motion is untimely but argues that he is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming, without deciding, the application of equitable tolling for the purposes of that case).

The movant claims that during the sentencing hearing, Mr. Gass made no argument for downward departure or application of the safety-valve provision. Thus, "immediately after" the movant was sentenced, he spoke with Mr. Gass in the courtroom and informed Mr. Gass that he was not satisfied with his performance because Mr. Gass had promised a lower sentence. For this reason, the movant told Mr. Gass to file an appeal. Upon returning to his holding cell, the movant attempted to call Mr. Gass to make sure Mr. Gass did what was necessary to appeal his conviction and sentence.

"Within weeks" the movant was transported to Taft Correctional Institution in California to serve his sentence, and the trip "took several months" with intermediate stops in jails where he could not use the telephone, "making it impossible for him to keep in touch with his attorney or his family concerning the appeal." Upon arrival at Taft, the movant wrote Mr. Gass to inquire

---

[3]Under the mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Because the movant declared under penalty of perjury that he placed his § 2255 motion in the prison mailing system on November 3, 2005, the Court will use that date as the date of filing.

about his appeal.  The movant's family also attempted to call Mr. Gass concerning the movant's sentence and appeal, but Mr. Gass would not speak with either the movant or his family.  Mr. Gass also failed to respond to letters from the movant and his family.

"About six months after he arrived at Taft," the movant "went to the prison library and discussed his case with an inmate library clerk who could speak fluent Spanish."  The movant learned about a federal criminal appeal, about habeas petitions based on ineffective assistance of counsel, and that he had about fifteen months from the date that the appeal was decided to file his motion raising ineffective-assistance-of-counsel claims.  The movant and his family again called Mr. Gass's office, but the calls were not returned.

Then in June 2005, the movant attempted to hire an another attorney to prosecute his appeal, but after checking PACER, that attorney informed the movant that no appeal had been filed and that the movant was beyond the period in which to timely file a § 2255 motion.  The movant claims that because he "spoke little or no English . . . did not understand the federal criminal justice system" and was indigent and could not hire an attorney, he sought a prisoner with experience to help him file a § 2255 motion, and in October 2005, the movant found a former criminal attorney in custody at Taft to help him prepare his motion, which was filed in November 2005.

The Sixth Circuit considers the following factors in determining the appropriateness of equitable tolling:  (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).

With respect to the first, second, and fifth factors--lack of actual or constructive knowledge of the filing requirement and reasonableness of remaining ignorant of that requirement--the movant asserts that based on his "lack of notice by his attorney, the government or this Court, as to the filing deadline for filing a Section 2255 Motion he had no knowledge of the deadline until it was too late to file on time."  Despite this allegation, there is no duty incumbent upon this Court, the government, or even defense counsel to advise a criminal defendant of the limitations period for filing a § 2255 motion.  In any event, as the procedural history reflects, the movant clearly waived his right to file a § 2255 by pleading guilty rendering any notification wholly unnecessary.  Further, the Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (explaining in a direct criminal appeal case that "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding "that, while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer").  And, based on the "AEDPA's clear provision regarding the statute of limitations, [the movant] cannot claim a lack of constructive knowledge regarding the filing deadline."  *Allen*, 366 F.3d at 403.

The movant further claims that he can speak little English and is unfamiliar with the United States's criminal justice system.  However, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  "[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of

6

proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Id.* "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Id.*; *Gutierrez v. Elo*, No. 00-CV-74240-DT, 2000 WL 1769559, at *3 (E.D. Mich. Oct. 30, 2000) ("The fact that Petitioner is Cuban with a limited education and knowledge of English, is proceeding without a lawyer, or may have been unaware of the limitations period does not warrant tolling."); *Martinez v. United States*, Nos. 00 Civ. 1214(DLC), 96 CR. 450-04(DLC), 2000 WL 863121, at *2 (S.D.N.Y. June 28, 2000) (finding equitable tolling not warranted despite movant's allegations that he "is not proficient in the English language, lacks necessary legal expertise and training, and that the Government did not take any steps to educate him as to his rights and the applicable procedural rules").

Here, the movant had an interpreter at both the change-of-plea hearing and the sentencing hearing, the Court informed him during the plea colloquy that he was waiving his appeal and collateral attack rights in pleading guilty, the prosecution reiterated that he was waiving those rights during both the change-of-plea and sentencing hearings, and the Court advised the movant to let it know if he did not understand anything that was said. The movant does not contend that he was unable to procure the assistance of a translator during the one-year limitations period. In fact, he concedes that he found a library clerk who spoke fluent Spanish and who explained the appeal and collateral review process to him, and the movant was able to communicate with his fellow inmate and former attorney who helped him file the 2255 motion. The movant has thus failed to demonstrate that language difficulties entitle him to equitable tolling.

As to the third factor, due diligence, the movant contends that he was diligent in pursuing his appeal and in filing his § 2255 motion when he found out his appeal had not been filed. The

Court disagrees. Although the movant complains of Mr. Gass's total refusal to speak or correspond with the movant or his family about his appeal,[4] the movant fails to offer any explanation as to why he was prevented from taking any other action or inquiring about his case by other means during the one-year limitations period. He does not allege that he ever attempted to contact the Sixth Circuit Court of Appeals or even this Court to inquire about the status of his appeal. His failure to monitor his case demonstrates a lack of diligence. *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) ("[T]o the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal."); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[P]etitioner's bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.'") (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)).

Further, when the movant found out in June 2005 that an appeal had not been filed and that his § 2255 motion was already untimely, the movant still waited five months to file the § 2255 motion. While he claims he was seeking professional legal assistance during those five months, such a claim does not justify equitable tolling. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("[T]he fact that petitioner was unable to retain counsel in a timely fashion to file his habeas petition is not a circumstance that would justify the equitable tolling of the statute of limitations."). And as determined above, he fails to demonstrate any language

---

[4] As an aside, the Court notes that it was not reasonable for the movant to believe that his attorney was going to file an appeal on his behalf. The movant waived his appeal rights by pleading guilty, he reports that he knew about counsel's failure to raise the safety-valve provision at the sentencing hearing and yet said nothing, his attorney effectively attempted to withdraw as appellate counsel during the sentencing hearing, and his attorney would not return repeated telephone calls and written correspondence from the movant and the movant's family.

barrier that would have prevented him from timely filing his § 2255 motion, and he has not shown how his time in transit to Taft prevented him from filing a timely motion. *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (concluding that the movant's "ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely").

Finally, the fourth factor is irrelevant here as "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

For the foregoing reasons, the movant has failed to allege any facts or circumstances warranting tolling under the traditional equitable-tolling analysis.

In his motion, however, the movant contends that he pled guilty to a crime that he did not commit. To the extent he may be asserting entitlement to equitable tolling on the basis of actual innocence, this claim also fails. "'To be credible, such a claim requires [movant] to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Because the movant wholly fails to present any "new reliable evidence," he is not entitled to equitable tolling on the basis of actual innocence.

For the foregoing reasons, the movant has failed to meet his burden of proving entitlement to equitable tolling of the limitations period. Therefore, the motion to dismiss will be granted, the § 2255 denied, and the action dismissed.

**III.**

Before the movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies a § 2255 motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability will be denied.

The Court will enter a separate Order consistent with this Opinion.

Date:

cc:     Movant, *pro se*
        Counsel of Record
4411.005